# United States District Court
# District of Columbia

| | |
|---|---|
| United States of America | ) |
| | ) |
| vs. | ) Case No. 1:23CR00089-001 |
| | ) |
| Nathan Watts | ) |

## Defendant's Sentencing Memorandum

Matthew Hill
Assistant Federal Defender
Western District of Virginia
201 Abingdon Pl
Abingdon, VA 24210

Nathan Watts prays the Court sentence him to 18 months of probation with appropriate conditions as determined by the Court.  The United States Probation Office also recommends a probationary sentence.  Here is why such a sentence is just:

Nathan Watts was a peaceful participant in the January 6 Trump rally at the Ellipse.  Regrettably, after the rally he followed the crowd to the Capitol and went through the open Senate wing door on the upper West terrace.  He went further inside the Capitol building for a total of about 15 minutes.  He was not violent or aggressive.  He did not damage property.  He had no physical contacts with law enforcement.  Nathan was not involved in planning the events of January 6.  He was not part of any group that organized or engaged in any violent aspects of that day.  These are the circumstances of this offense, 18 U.S.C. §3553(a)(1).

Mr. Watts caused no damage to property on January 6, 2021.  Still, Mr. Watts has agreed to pay $500 in restitution to the architect of the Capitol.

The nature of this offense is complicated.  The former president spoke at the "stop the steal" rally where he encouraged attendees, like Mr. Watts, to go to the Capitol.  At that rally the former president repeated lies about the 2020 presidential election.  Lies recited within his indictment.  An indictment on which he is awaiting trial.  His crimes are crimes against the people.  Mr. Watts—one of the people—was an unwitting pawn in the former president's charged criminal enterprise.  Still, Mr. Watt's crime of conviction is a class B misdemeanor for parading/demonstrating within the Capitol building.  18 U.S.C. §3553(a)(1).

The seriousness of January 6th cannot be overstated however, Mr. Watts' involvement in that day were slight. Those who came to Washington DC on January 6, 2021 with helmets and body armor, with bear spray or other offensive articles, they arrived with a plan to attack and invade the Capitol. Others, like Nathan, came to our nation's capital with the sole plan to attend a political rally called by the then President. Nathan walked from that rally towards the Capitol.

As recited in the statement of offense in support of his plea Nathan entered the building via the then open Senate wing door. He walked from that door towards the crypt and eventually into a congressional conference room. He then left the building retracing his path to the Senate wing door. He was inside the building for about 15 minutes. It is this conduct, walking through portions of the Capitol following hundreds of others, that must be evaluated as required by 18 U.S.C. §3553(a)(2)(A). This conduct supports a probationary sentence.

General deterrence, 18 U.S.C. §3553(a)(2)(B), is frequently absent in federal criminal convictions. Common federal crimes involving drugs and firearms by non-notorious individuals are ubiquitous to the point that absent those few people close to the defendant are ever aware of any sentence. January 6 cases are a notable exception. The facts of January 6 are widely known. That many hundreds of people have been charged, convicted, and sentenced for their involvement is also well known. Mr. Watts' conviction alone adds weight to this calculus. A sentence as proposed herein is sufficient.

As a class B misdemeanor, the conviction here is a petty offense. The United States Sentencing Guidelines are not applicable to petty offenses. Still, an aspect of the guidelines provides insight for a just sentence here. The statutory range of punishment for this petty offense is not more than six months. Zone A of the sentencing table has only one advisory guideline range, 0-6 months. Section 5C1.1(b) notes that zone A sentences do not require imprisonment.

Mr. Watts has no criminal convictions. Were this case subject to the sentencing guidelines Mr. Watts would be a zero-point offender under the new guideline §4C1.1, amendments effective November 1, 2023. The need to protect the public from further crimes of Mr. Watts is slight, 18 U.S.C. §3553(a)(2)(C). This supports the probationary sentence proposed by Mr. Watts.

There are upcoming amendments to the sentencing guidelines. The guideline commentary to §5C1.1 will have an additional application note that offers additional guidance to the Court's sentencing analysis, note 10. This note will state, after November 1, that for persons who receive an adjustment under §4C1.1 and their guideline range is in zone A or B of the sentencing table a sentence other than a sentence of imprisonment, in accordance with subsection (b) or (c)(3) of §5C1.1, is generally appropriate. This further supports the probationary sentence proposed by Mr. Watts.

The Court must consider any sentence here in light of other similar cases to avoid unwarranted sentencing disparities, 18 U.S.C. §3553(a)(6). There have been many individuals who have pled to a violation of 40 U.S.C. §5104(e)(2)(G). This

Court has seen several.  Of cases this Court has sentenced for violation of that section these have received probationary sentences:

    David Wiersma, 1:21CR00592
    Dawn Frankowski, 1:21CR00592
    Kevin Cronin, 1:22CR00233
    Joei & William Gallman, 1:23CR00048
    Jacob Hiles, 1:21CR00155
    Andrew Wrigley, 1:21CR00042
    John Schubert, 1:21CR587
    Amy Schubert, 1:21CR588

Each of the above people appear to have conduct reasonably similar to Mr. Watts. In order to avoid unwarranted sentencing disparities the Court should impose the 18 month term of probation on Mr. Watts.

                              Respectfully submitted,

                              Nathan Watts
                              By Counsel

                              Mary E. Maguire
                              Federal Public Defender
                              Western District of Virginia

                              Matthew Hill
                              Assistant Federal Defender
                              Missouri Bar No. 47889
                              New Hampshire Bar No. 18864
                              Arkansas Bar No. 2018170
                              201 Abingdon Pl
                              Suite 201
                              Abingdon, VA  24211
                              (276) 619-6080
                              Fax:  (276) 619-6090
                              matt_hill@fd.org

<u>CERTIFICATE OF SERVICE</u>

    I certify that a true copy of the foregoing document was electronically filed and will be forwarded to the Assistant United States Attorney, this 22nd day of September, 2023.

                                                              <u>s/*Matthew Hill*</u>